UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| KEYBANK NATIONAL ASSOCIATION, | ) | CASE NO: 1:14-cv-1368 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | JUDGE: DONALD C. NUGENT |
| JASON COPE, et al, | ) ) | ANSWER OF THE UNITED STATES OF AMERICA, |
| Defendants. | ) ) | INTERNAL REVENUE SERVICE |

Now comes the Defendant, United States of America, Internal Revenue Service, and for its Answer to the Plaintiff's Complaint, states as follows:

FIRST DEFENSE

1. The Defendant admits that it has an interest in the property set forth in the Plaintiff's Complaint by virtue of the liens arising under the internal revenue laws, as averred in the Complaint, in the total assessed amount of $275,773.94, plus interest and penalties from the dates of assessment, notice of which was filed with the county recorder on November 22, 2013, as provided by law.

2. The Defendant admits that it has an interest in the property set forth in the Plaintiff's Complaint by virtue of the liens arising under the internal revenue laws, as averred in the Complaint, in the total assessed amount of $638,189.41, plus interest and penalties from the dates of assessment, notice of which was filed with the county recorder on December 31, 2013, as provided by law.

3. The Defendant admits that it has an interest in the property set forth in the Plaintiff's Complaint by virtue of the liens arising under the internal revenue laws, as averred in the Complaint, in the total assessed amount of $282,105.80, plus interest and penalties from the

dates of assessment, notice of which was filed with the county recorder on January 8, 2014, as provided by law.

4. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the other averments in the Plaintiff's Complaint.

## SECOND DEFENSE

5. The Defendant objects to the release of any lien of the United States not specifically averred in the Complaint.

## THIRD DEFENSE

6. The Defendant reserves its right to redeem as provided in 28 U.S.C. § 2410(c).

WHEREFORE, the Defendant, United States of America, Internal Revenue Service, demands that its tax liens be found to be good, valid and subsisting liens on the subject property; that its priority, as provided by law, be protected; that its right to redeem, as provided in 28 U.S.C. § 2410(c), be preserved; and that the court grant such other and further relief which the Defendant may be entitled to.

Respectfully submitted,

STEVEN M. DETTELBACH
United States Attorney

By: s/Marlon A. Primes
Marlon A. Primes (0043982)
Assistant U.S. Attorney
400 United States Court House
801 W. Superior Avenue
Cleveland, OH 44113-1852
Phone: (216) 622-3684
Fax: (216) 522-4982
marlon.primes@usdoj.gov

Attorneys for the Defendants
United States of America,
Internal Revenue Service

CERTIFICATE OF SERVICE

      I hereby certify that on this 22nd day of July, 2014, a copy of the foregoing Answer of the United States of America was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                              s/Marlon A. Primes
                                              Marlon A. Primes
                                              Assistant U.S. Attorney
                                              (216) 622-3684



**NOTICE**

Please be advised that pursuant to 28 U.S.C. § 2410(c), where a sale of real estate is made to satisfy a lien prior to that of the United States, with certain exceptions set forth in the statute, the United States has one year from the date of sale within which to redeem, except that with respect to a lien arising under the internal revenue laws the period within which to redeem is 120 days or the period allowable for redemption under state law, whichever is longer.  The effect of this statute cannot be abrogated by state law.  *United States v. John Hancock Mutual Life Insurance Co.*, 364 U.S. 301 (1960).  Therefore, it is very important that in preparing your judgment entry that you include the following language:

> There shall be no further equity of redemption, except that with respect to any lien of the United States, the United States shall have the right to redeem within the time period provided by 28 U.S.C. § 2410(c).